10/14/2020 5:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47200983
By: D Burton
Filed: 10/14/2020 5:52 PM

CAUSE NO. _____

| | | |
|---|---|---|
| SIENA LENDING GROUP LLC | § § § § § § § § § § § § § § § § § § | |
| Plaintiff, | | IN THE DISTRICT COURT |
| v. | | OF HARRIS COUNTY, TEXAS |
| IMPERIAL ZINC CORPORATION, an Illinois corporation | | |
| Defendants. | | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S PETITION TO RECOVER PREFERENTIAL TRANSFERS AND FOR BREACH OF GUARANTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Siena Lending Group LLC ("Plaintiff") files this Petition to Recover Preferential Transfers pursuant to Texas Business & Commerce Code § 24.006(b) and to Recover Payments Due and Owing and Continuing to Accrue against defendant Imperial Zinc Corporation ("Defendant"). By this action, Plaintiff seeks to avoid and recover fraudulent preferential transfers that Texas Die Casting LLC ("Debtor") made to the Defendant and to recover any and all amounts due and owing and continuing to accrue under the limited guaranty agreement dated as of July 16, 2018 (the "Guaranty") made by Defendant in favor of Plaintiff, and in support hereof alleges as follows:

\\\

# I.
# DISCOVERY

1.Pursuant to TEX. R. CIV. P. 190.4, Plaintiffs contend that discovery should be conducted under Level 3.

# II.
# PARTIES AND SERVICE

2.Plaintiff Siena Lending Group LLC is a Delaware limited liability company.

3.Defendant Imperial Zinc Corporation is an Illinois corporation. It may be served with Citation by serving the Citation along with a copy of the Petition on its registered agent: Steven N. Malitz, 161 N. Clark St., Ste. 4200, Chicago, IL 60601.

4.Debtor Texas Die Casting LLC is a Delaware limited liability company registered to do business in the State of Texas. It may be served with Citation by serving the Citation along with a copy of the Petition on its registered agent: Pat Burke, 600 South Loop 485, Gladewater, TX 75647.

# III.
# JURISDICTION AND VENUE

5.The subject matter in controversy is within the jurisdictional limits of this Court.

6.Venue is proper in Harris County, Texas under Section 15.002(a) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county, Debtor's principal offices are in Harris County, and upon information and belief, Defendant regularly conducts business in Harris County.

# IV.
# FACTS

7.On July 16, 2018, Plaintiff and Debtor entered into a Loan and Security Agreement (as amended, the "Loan Agreement") pursuant to which Plaintiff provides Debtor

with certain financial accommodations and to secure Debtor's obligations under the Loan Agreement Debtor granted Plaintiff a security interest substantially all of its assets to. The security interests were perfected by Plaintiff filing a UCC statement naming Debtor as debtor and obtaining control agreements with respect to Debtor's deposit accounts.

8. Also on July 16, 2018, Plaintiff and Defendant entered into the Guaranty. Pursuant to the terms of the Guaranty, including but not limited to Article II Section 1, Defendant agreed:

> [A]bsolutely and unconditionally to Lender, the prompt payment and performance when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter, all of the Obligations and costs and expenses, including all court costs and attorneys' and paralegals' fees (including allocated costs of in-house counsel and paralegals) and expenses paid or incurred by Lender in endeavoring to collect all or any part of the Obligations from, or in prosecuting any action against, Borrower, any Loan Party Obligor or any Other Obligor of all or any part of the Obligations (and such costs and expenses paid or incurred shall be deemed to be included in the Obligations) . . . .

9. Plaintiff hired a consultant to conduct a review of all transfers made by Debtor to creditors for the period January 2019 through June 2020. The consultant likewise examined all transfers made by the Debtor to insiders for the same period.

10. The books and records of Debtor show that it made the following transfers to Imperial (collectively, the "Imperial Transfers"):

    a. On October 15, 2019, Debtor made one (1) transfer amounting to $403,693.90 to Defendant.

    b. On May 1, 2020, Debtor made one (1) transfer amounting to $179,677.19 to Defendant.

c. On May 4, 2020, Debtor made one (1) transfer amounting to $117,700.58 to Defendant.

## V.
## TRANSFERS FRAUDULENT AS TO PRESENT CREDITORS

11. As demonstrated by invoices matching payments, the Imperial Transfers show that they were made by Debtor to Defendant.

12. The Imperial Transfers, which range in date from October 15, 2019 through May 4, 2020, all post-date an antecedent debt, namely, the monies owed pursuant to the July 16, 2018 Loan and Security Agreement (and corresponding UCC lien perfection).

13. The Imperial Transfers were made to and for the benefit of insider David Kozin, who owns and controls both Defendant and Debtor. Specifically, Mr. Kozin is the owner, President, and Chairman of the Board of Directors of Debtor, and he is the owner and Secretary of Defendant.

14. At the time of the transfers, Debtor was insolvent—a fact which David Kozin, as the owner of Defendant and Debtor and President and Chairman of the Board of Directors of Debtor, was keenly aware.

15. Thus, the Imperial Transfers made were fraudulent and Plaintiff is entitled to recover those payments.

## VI.
## RECOVERY OF PAYMENTS DUE UNDER THE GUARANTY
## BY DEFENDANT IN FAVOR OF PLAINTIFF

16. Due to the fraudulent Imperial Transfers, Plaintiff is now forced to bring the instant action to recover the fraudulent payments.

17. Pursuant to the July 16, 2018 Guaranty by Defendant in favor of Plaintiff, Defendant is liable for any and all amounts due to Plaintiff under the Guaranty, including but not limited to the costs, expenses, and legal fees incurred by Plaintiff in prosecuting this action.

18. As of the date of filing, Defendant has not made any payments owed to Plaintiff in accordance with the Guaranty, despite the fraudulent Imperial Transfers made by Debtor to Defendant which precipitated the filing of the instant action. Accordingly, Plaintiff is entitled to recover from Defendant any and all amounts due and owing and continuing to accrue to Plaintiff under the Guaranty. Plaintiff will amend the amounts due and owing and continuing to accrue under the Guaranty as appropriate.

## VII.
## PRAYER

For the foregoing reasons, Plaintiff requests entry of judgment against the Defendant as follows:

i. Declaring the Imperial Transfers to be fraudulent under Texas Business & Commerce Code § 24.006(b);

ii. Avoiding and setting aside the Imperial Transfers;

iii. Awarding Plaintiff judgment against Defendant in the amount of the Imperial Transfers and directing Defendant to immediately repay to Plaintiff such amount;

iv. Awarding Plaintiff pre-judgment interest against Defendant from the date of the first Imperial Transfer at the maximum rate permitted by law;

v. Awarding Plaintiff post-judgment interest from the date of the judgment until the date paid at the maximum rate permitted by law;

vi. Awarding Plaintiff any and all amounts due and owing and continuing under the Guaranty in an amount to be determined at trial;

vii. Awarding Plaintiff its costs and expenses incurred in this action;

viii.   Awarding Plaintiff its legal fees incurred in this action; and

ix.   Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated:  October 14, 2020

Respectfully submitted,

BERNARD R. GIVEN
Texas Bar Number 07990180
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90097
Tel.:  (310) 282-2235
Fax:  (310) 734-1686
bgiven@loeb.com


/s/ Bernard R. Given II
Bernard R. Given II
Attorney for Plaintiff, Siena Lending Group LLC

Unofficial Copy Office of Marilyn Burgess District Clerk

19511780.11
222429-10033

6